## THE METROPOLITAN GAS-LIGHT COMPANY OF THE CITY OF NEW YORK, Respondent, v. THE MAYOR, Etc., OF THE CITY OF NEW YORK, Appellant.

*Board of audit created by chapter 9 of 1872 — effect of audit of claim by — Exception to referee's report — when necessary.*

Appeal from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to recover the amount claimed to be due to the plaintiff, under a contract for lighting certain streets in the city of New York. The defendants alleged that the plaintiff had presented its claim to the board of audit created by chapter 9

of 1872, and that the amount allowed by the said board had been tendered to and rejected by the plaintiff. The referee held that the evidence was not sufficient to prove that the claim had been presented to the said board by the plaintiff, or by any one on its behalf, and therefore held that it was not bound by the audit of the board.

The General Term held that the evidence was sufficient to show that the claim was presented by the plaintiff, and then proceeded to discuss the effect of the auditing of the claim by the board as follows : That " it (the plaintiff) was not bound to secure the audit and allowance of its bills by the board, which the statute created, can make no difference in the result. By the terms of the act, the board had the power to consider, audit and allow the claim made, and the plaintiff availed itself of the right the statute secured to it. That was voluntarily done with the probability that, by means of the determination which might be made, payment under its provisions would be afterwards secured. The company took the chances of a decision favorable to its demand. If it had been secured, it would have been conclusive in favor of the right to payment. It was not so, as the result turned out. But, nevertheless, the determination can be none the less conclusive as long as the decision remains unreversed. The board was given the power to hear and decide. It was judicial in its nature; and the decision made under the power conferred cannot be disregarded or annulled in a collateral proceeding, as the present action certainly is. The rule on this subject is one of general application, including all courts, boards and officers having the authority to hear and determine the claims or disagreements of parties. When a hearing has been had, and a decision has been finally made, even though the proceeding may have been an informal one, it will continue binding on the parties to it, so long as it remains unreversed. (*People* v. *Collins*, 19 Wend., 56; *Supervisors* v. *Briggs*, 2 Hill, 135; 2 Denio, 26.) It was said, in the course of the opinion in this last case, that although the thing was done in a different manner from that in which courts usually proceed, yet it was done in the manner prescribed by law, and, in principle, it is precisely the same thing as though the matter had been adjudged by any court of the State. (Id., 43; see, also, *Swift* v. *City of Poughkeepsie*, 37 N. Y., 511.)

An exception to the referee's report was not required, to entitle the defendant to insist that it had been made against the evidence. That is only essential when questions of law are to be considered. (Code, §§ 268, 272.) In support of the appeal in this case, it has been insisted that the referee should have found, under the evidence, that the portion of the plaintiff's claim which has been considered, had been presented by it to the board of apportionment and audit, and that this board, after hearing and considering it, made a determination declaring, according to its judgment, the sum which justly should be paid upon it. That was a matter of fact, and it should have been so determined, which would have entitled the plaintiff to a judgment different in amount from that recovered against the defendant."

*D. J. Dean,* for the appellant. *Hamilton Cole,* for the respondents.

Opinion by DANIELS, J.; DAVIS, P. J., concurred.

BRADY, J., dissented, on the ground that the evidence was not sufficient to authorize the referee to find that the plaintiff had ever submitted its claim to the board of audit.

Judgment reversed, new trial ordered, costs to abide event, unless within twenty day after notice of decision the plaintiff stipulate to reduce the amount recovered conformably to the report made by the board of audit and apportionment. In case such a stipulation shall be given, then the judgment, as so modified, affirmed, without costs on the appeal to either party.